UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **H & N L L C OF LAKE CHARLES** | **CASE NO. 2:21-CV-03583** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GREAT LAKES INSURANCE S E** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 22] filed by defendant Great Lakes Insurance SE, moving for dismissal of all of plaintiff's claims. Plaintiff opposes the motion. Doc. 25.

### I.
### BACKGROUND

This suit arises from storm damage to commercial properties owned by plaintiff in Lake Charles, Louisiana, following Hurricanes Laura and Delta, which made landfall in Southwest Louisiana on August 27, 2020, and October 9, 2020. Specifically, the suit relates to the following three premises with the following coverages under a commercial insurance policy issued by defendant:

| | Location | Building | Business Income |
|---|---|---|---|
| **Premises 1** | 3426 Ryan Street | $795,690.00 | $16,800.00 |
| **Premises 2** | 108 W Lagrange St | $140,000.00 | $3,000.00 |
| **Premises 3** | 108 ½ W LaGrange St | $150,000.00 | $4,800.00 |

Doc. 22, att. 3, pp. 19–20.

Plaintiff filed claims on all three premises following the storms but alleges that defendant failed to timely or adequately pay for its covered losses under the policy. Accordingly, it filed suit in this court on October 11, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The case proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order [doc. 3] for first-party insurance suits arising from the hurricanes but did not resolve. It is now set for jury trial before the undersigned on April 10, 2023. Doc. 11. Defendant has filed this motion for summary judgment, seeking dismissal of plaintiff's claims on the following grounds:

(1) Plaintiff cannot meet its burden of showing additional building damages are owed under the policy.

(2) Plaintiff lacks any evidence of repairs meriting additional recovery.

(3) Plaintiff lacks evidence to substantiate any claims of lost business income.

(4) Plaintiff lacks evidence of damages caused by Hurricane Delta.

(5) Plaintiff's claim for breach of the duty of good faith also fails.

Doc. 22, att. 1. It also requests that the court consider its anticipated *Daubert* motion and motion in limine seeking to exclude certain evidence relating to the above claims. *Id.* Plaintiff opposes every basis except (4), admitting that it is not arguing that any additional repairs were necessitated by Hurricane Delta. Doc. 25.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

### A. CAS Estimates

First, defendant notes in its reply that plaintiff has relied on estimates prepared by the late Mario Barrilleaux for his firm, Complete Adjusting Services, LLC ("CAS"). In a separate *Daubert* motion and motion in limine defendant argued that the CAS estimates could not be used at trial because (1) the witness through whom plaintiff proposed to introduce that estimate was unqualified and (2) without such a witness, the report was inadmissible hearsay. In response plaintiff stated that it would not rely on the CAS estimates. Accordingly, the court will not consider them under this motion either.

### B. Additional Building Damages

Defendant first argues that plaintiff cannot meet its burden of showing that additional building damages are owed, because the only evidence it has produced are the inadmissible CAS estimates *supra*. As plaintiff notes, however, it has also provided reports from expert witnesses David Minton and Charles Norman. The court has not excluded either witness. Norman also reviewed an estimate prepared by defendant's adjuster, finding that some of the work was undervalued and that the adjuster failed to address a baseplate that needed to be replaced. Doc. 25, att. 12, p. 6. Accordingly, defendant's motion is denied in this regard.

### C. Recovery of Depreciation

Defendant next requests summary judgment on the issue of recoverable depreciation, pursuant to a standard policy term stating that only ACV may be recovered until repairs are completed. As plaintiff observes, however, the court has denied summary judgment on this issue several times, refusing to cap recovery at ACV when plaintiffs may show at trial that they were prevented from completing repairs by defendant's delays in payment. *E.g.*, *Touchet v. United Prop. & Cas. Ins. Co.*, 2022 WL 710621 (W.D. La. Mar. 9, 2022). The court denies the motion on the same basis here.

### D. Business Income

The policy provided "Business Income With Extra Expense Including Rental Income" coverage for all three buildings, at limits of $16,800, $3,000, and $4,800, respectively. Doc. 22, att. 3, pp. 19–20. Defendant moves for dismissal of plaintiff's breach of contract claim based on that coverage, arguing that plaintiff has failed to produce any

records supporting its claim. Plaintiff objects, noting that two of the buildings were let at the time of loss while the third was being refurbished so that it could be leased as a restaurant. It further argues that lost business income can be calculated based on the fair market rental value of the buildings. It does not, however, refute defendant's assertion that no evidence of the pre-storm net business income has been provided. Instead, it only points to the deposition of 30(b)(6) representative Tammie Hardee, who testified as to the general occupancy status and rents for the buildings. *See* doc. 26, pp. 14–37.

The policy provides how business income coverage is calculated:

> 3. Loss Determination
>    a. The amount of Business Income loss will be determined based on:
>       (1) The Net Income of the business before the direct physical loss or damage occurred;
>       (2) The likely Net Income of the business if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses;
>       (3) The operating expenses, including payroll expenses, necessary to resume "operations" with the same quality of service that existed just before the direct physical loss or damage, **and**
>       (4) Other relevant sources of information, including:
>          (a) Your financial records and accounting procedures;
>          (b) Bills, invoices and other vouchers; **and**
>          (c) Deeds, liens or contracts.

Doc. 22, att. 3, p. 42 (emphasis added). Plaintiff points to the definition of "rental value" under the policy as "including fair rental value of any portion of the described premises." *Id.* at 45. But the term is still included under "Net Income" and provides for its determination as such.[1] *Id.* Plaintiff has failed to provide any competent summary judgment

---

[1] The definition is provided in full as:

evidence showing how its pre-loss net business income, and specifically rental income, could be calculated. There is no basis from which defendant could determine coverage was owed. *Accord Legier & Co., APAC v. The Travelers Indem. Co. of Connecticut*, 2010 WL 1731202, at *2–*3 (E.D. La. Apr. 28, 2010) (determining proper method of computing business income loss under similar policy language). Summary judgment is therefore granted as to this claim.

### E. Bad Faith Claims

Louisiana Revised Statute 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Defendant argues for summary judgment on plaintiff's bad faith claims, presupposing that the court will also grant summary judgment on the breach of contract

---

5. "Rental Value" means Business Income that consists of:
    a. Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred as rental income from tenant occupancy of the premises described in the Declarations as furnished and equipped by you, including fair rental value of any portion of the described premises which is occupied by you; and
    b. Continuing normal operating expenses incurred in connection with that premises, including:
        (1) Payroll; and
        (2) The amount of charges which are the legal obligation of the tenant(s) but would otherwise be your obligations.

Doc. 22, att. 3, p. 45.

claims. But the court has only determined that summary judgment is appropriate as to the business income claim. Accordingly, the motion will be granted as to bad faith claims arising from that coverage and denied in all other respects.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 22] will be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's breach of contract and bad faith claims arising from its business income coverage will therefore be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 21st day of March, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE