UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

H & N LLC OF LAKE CHARLES          CASE NO.  2:21-CV-03583

VERSUS                             JUDGE JAMES D. CAIN, JR.

GREAT LAKES INSURANCE S E          MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court are a *Daubert* motion [doc. 29] and Motion in Limine [doc. 30] filed by defendant Great Lakes Insurance SE ("Great Lakes"). Plaintiff H&N LLC opposes the motions. Docs. 34, 35.

### I.
### BACKGROUND

This suit arises from storm damage to commercial properties owned by plaintiff in Lake Charles, Louisiana, following Hurricanes Laura and Delta, which made landfall in Southwest Louisiana on August 27, 2020, and October 9, 2020. Specifically, the suit relates to the following three premises with the following coverages under a commercial insurance policy issued by defendant:

|  | Location | Building | Business Income |
|---|---|---|---|
| Premises 1 | 3426 Ryan Street | $795,690.00 | $16,800.00 |
| Premises 2 | 108 W Lagrange St | $140,000.00 | $3,000.00 |
| Premises 3 | 108 ½ W LaGrange St | $150,000.00 | $4,800.00 |

Doc. 22, att. 3, pp. 19–20.

Plaintiff filed claims on all three premises following the storms but alleges that defendant failed to timely or adequately pay for its covered losses under the policy. Accordingly, it filed suit in this court on October 11, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. It supports these claims with estimates provided by Complete Adjusting Services, LLC ("CAS"), which it will seek to introduce through the testimony of CAS employee Jacob LeBlanc. The case proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order [doc. 3] for first-party insurance suits arising from the hurricanes but did not resolve. It is now set for jury trial before the undersigned on April 10, 2023. Doc. 11.

Defendant now brings the instant *Daubert* motion and Motion in Limine, arguing that (1) the court should exclude the testimony of plaintiff's experts Jacob LeBlanc and David Minton and (2) plaintiff should be barred from introducing the CAS estimates to quantify its damages, as well as any evidence not produced in discovery or relating to damages not covered by the policy. Plaintiff opposes the motion in limine and opposes the *Daubert* motion as to Minton. Docs. 34, 35. With respect to LeBlanc, however, it asserts that it does not plan to introduce his testimony or the estimate he has adopted. Doc. 35. Accordingly, the *Daubert* motion will be denied as moot in this regard.[1]

---

[1] Defendant argues that the motion is not moot and that the court should still grant its requested relief by excluding LeBlanc from testifying at trial. The court expects plaintiff will honor its word not to present any testimony from him, and so sees no need to waste limited judicial resources producing a ruling on the matter.

## II.
## LAW & APPLICATION

### A. *Daubert* motion

#### 1. Governing law

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596). Additionally, "[m]ost of the safeguards provided for in *Daubert* are not as essential" in a bench trial. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *Thompson v. Rowan Companies, Inc.*, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003)).

#### 2. Application

Plaintiff intends that civil engineer David Minton will provide opinions on the scope of damages and structural integrity of the properties. Doc. 29, att. 2. Defendant challenges

him on the basis that he has never testified before; that he did not inspect the buildings until June 2021, when they had already been gutted; and that he relied on nothing more than a visual inspection. Minton has provided a sufficient report, however, detailing his findings and the basis therefore. He is adequately qualified to make such conclusions by way of his training and practice. Defendant may attack the depth of his investigation and his lack of prior trial experience through cross-examination.

### B. Motion in limine

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863

(M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United*

*States*, 529 U.S. 753, 764 n. 3 (2000).

### C. Application

In its motion in limine, defendant asserts that the court should bar (1) the CAS

estimates as hearsay, (2) other documents that plaintiff failed to produce in discovery, and

(3) evidence of damages not covered by the defendant's policy. The CAS estimate is moot

because of plaintiff's admission that it will not introduce LeBlanc or those estimates. As

for the second issue, plaintiff argues that it has produced all requested material or explained

why it could not. It also maintains that it does not intend to introduce anything that has not

yet been provided to defendant. The court agrees that any documents not yet produced in

discovery must be excluded from trial. Accordingly, the motion is granted in this regard.

On the final issue, the only disputed areas of coverage not arising from the CAS estimates

are code upgrades and areas of wet rot referenced in the testimony and report of Charles

Norman. As plaintiffs note, the court has denied summary judgment on an insurer's motion

to deny coverage based on the code upgrade exclusion. *See Alpha Dev. Grp., LLC v. Liberty*

*Mut. Ins. Co.*, 2022 WL 6850097, at *5 (W.D. La. Oct. 11, 2022). Plaintiff shows no basis,

however, for refusing to apply the policy's wet rot/fungi exclusion as written.[2]

Accordingly, the motion will be granted as to repair costs arising from mold remediation

---

[2] The relevant policy provision states that the insurer "will not pay for loss or damage caused directly or indirectly by
. . . [the p]resence, growth, proliferation, spread or any activity of 'fungus,' wet or dry rot or bacteria." Doc. 22, att.
3, pp. 54–55.

but denied as to code upgrades, subject to defendant's ability to argue the exclusion's applicability at trial.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the *Daubert* motion [doc. 29] be **DENIED** as to witness David Minton and **DENIED AS MOOT** as to witness Jacob LeBlanc. **IT IS FURTHER ORDERED** that the Motion in Limine [doc. 30] be **DENIED AS MOOT** as to the CAS estimates, **GRANTED** as to any evidence not yet disclosed, and **GRANTED IN PART** and **DENIED IN PART** as to evidence of property damage allegedly excluded by the policy.

**THUS DONE AND SIGNED** in Chambers on the 21st day of March, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE